**SO ORDERED: October 11, 2006.**



**James K. Coachys**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BRENT LEE MAY and | ) | Case No. 05-16817-JKC-7 |
| HEATHER RENEE MAY, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| GARY R. MITCHELL and | ) | |
| JANE K. MITCHELL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 05-545 |
| | ) | |
| BRENT LEE MAY, | ) | |
| | ) | |
| Defendant. | ) | |

**FINDINGS AND CONCLUSIONS ON PLAINTIFFS'**
**MOTION FOR SUMMARY JUDGMENT**

This matter came before the Court on Plaintiffs Gary R. Mitchell and Jane K. Mitchell's (the

"Plaintiffs") unopposed Motion for Summary Judgment against Defendant/Debtor Brent Lee May

(the "Debtor"). Having reviewed the Motion and supporting documents, the Court issues the

following Findings of Fact and Conclusions of Law.

1.      On or about November 28, 2003, Plaintiffs and Debtor entered into an agreement whereby Debtor was to provide Plaintiffs with certain materials and labor for the construction of a their new residence, per specifications set forth in the agreement.

2.      Funding for the construction was provided by Lafayette Savings Bank (the "Bank").

3.      On or about January 16, 2004, Debtor provided a Contractor's Invoice and Sworn Lien Waiver to the Bank for disbursement of construction loan proceeds, including $8,400.00 for cabinets, cabinet doors, and other fixtures purchased through Medallion Cabinetry, Inc.

4.      On or after January 16, 2004, the Bank disbursed such funds to Debtor, after which Debtor purchased the cabinets, cabinet doors, and other fixtures.  Debtor, however, never delivered them to Plaintiffs.

5.      Debtor stopped work and abandoned the project in May, 2004.

6.      On April 1, 2005, Plaintiffs filed a lawsuit against Debtor in the Fountain Circuit Court, alleging among other things that Debtor converted Plaintiffs' property by failing to deliver the materials purchased with the funds disbursed from the Bank.

7.      Plaintiffs ultimately obtained a default judgment against Debtor on July 25, 2005, in the amount of $248,115.84, plus interest (the "Judgment").  The Judgment identifies $211,470.90 in damages arising from Debtor's breach of his contract with Plaintiffs.  The Judgment further identifies $36,644.94 in damages arising from Debtor's conversion of Plaintiffs' property (the "Conversion Judgment").

8.      Debtor filed for bankruptcy protection under Chapter 7 of the Code on August 24, 2005.

**Conclusions of Law**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). With a motion for summary judgment, the burden rests on the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case."  *Id*. at 325.  After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" to cite evidence of a genuine factual dispute precluding summary judgment.  *Id.* at 322-23.  If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in its favor on a material question, then the court must enter summary judgment against it.  *Waldridge v. American Hoechst Corp*., 24 F.3d 918, 920 (7th Cir.1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 585-87 (1986)).

3.      On summary judgment, Plantiffs argue that the Conversion Judgment is conclusive, under principals of *res judicata*, as to nondischargeability and that they are, therefore, entitled to judgment as a matter of law.

4.      In applying the principals of *res judicata*, this Court looks to the substantive law of the state that issued the judgment, giving the state court judgment the same preclusive effect it would

receive in the forum state. *See Scarborough v. Fischer (In re Scarborough)*, 171 F.3d 638, 641 (8th

Cir. 1999). There are two categories of *res judicata*: claim preclusion and issue preclusion. Claim

preclusion applies where a final judgment on the merits has been rendered which acts as a complete

bar to a subsequent action on the same issue or claim between those parties and their privies.

*Northern Indiana Pub. Serv. Co. v. Sharp*, 732 N.E.2d 848, 854 (Ind. Ct. App. 2000). Issue

preclusion, also known as collateral estoppel, bars the subsequent relitigation of the same fact or

issue where that fact or issue was necessarily adjudicated in a former suit and the same fact or issue

is presented in a subsequent action. *Id*. Where issue preclusion applies, the previous judgment is

conclusive only regarding those issues actually litigated and determined therein. *Id.*

5.       Plaintiffs contend that the Conversion Judgment is excepted from discharge, as a

matter of law, pursuant to either §§ 523(a)(2) or (a)(6) of the Code.[1] Section 523(a)(2) excepts from

discharge debts arising from fraud, false pretenses and misrepresentation, while § 523(a)(6) excepts

debts arising from "willful and malicious injury." Contrary to Plaintiffs' argument, the Conversion

Judgment is not based on fraud or misrepresentation. Rather, the state court awarded damages to

Plaintiffs pursuant to Indiana Code § 34-24-3-1 based on Debtor's "conversion" of the materials

intended to be used in the construction of Plaintiffs' residence. Therefore, § 523(a)(6) seems–at

least on its face–to be the more appropriate Code section for Plaintiffs' argument on summary

judgment.

6.       To block the discharge of a debt under § 523(a)(6), a claimant must show that the

debtor's conduct was willful *and* malicious. Although relevant state laws may be instructive, what

---

[1] While the Plaintiffs refer to § 523(a)(6) in their summary judgment motion, the majority of their argument is based on Debtor's alleged fraud.

constitutes willful and malicious injury under § 523(a)(6) is a matter of federal law.  *In re Baldwin*, 249 F.3d 912, 917 (9th Cir.2001).  The willful and malicious standard is a stringent one.  *See Kawaauhau v. Geiger*, 523 U.S. 57, 64, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).  "[N]ondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury." Id. at 61, 118 S.Ct. 974.  Although the willful and malicious requirements will be found concurrently in most cases, the terms are distinct, and both requirements must be met under § 523(a)(6).  *In re Martin*, 321 B.R. 437, 440 (Bankr.N.D.Ohio 2004).

7.      Indiana Code § 35-43-4-3 provides that "[a] person who knowingly or intentionally exerts unauthorized control over property of another person commits criminal conversion . . . ." Based on that definition, the state court necessarily found that Debtor committed a deliberate *act* against Plaintiffs' property.  However, the statute does not require a finding that Debtor intended that act to injure Plaintiffs.  As such, the Court cannot conclude that the issue of dischargeability under § 523(a)(6) is the same issue adjudicated by the state court in awarding the Conversion Judgment.  *See In re Little*, 335 B.R. 376, 386 ("[W]hile they do appreciably overlap, liability for conversion does not automatically equate with the existence of a nondischargeable debt under § 523(a)(6)").  Plaintiffs' are, therefore, not entitled to judgment against Debtor as a matter of law, and their summary judgment motion is denied.

8.      The Court will issue a separate order consistent with these Findings and Conclusions contemporaneously herewith.

### 

Distribution:

Debtor
Ann Marie Schneider